UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHAEL PONCE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

NO. C17-570-JPD

ORDER

Plaintiff Michael Ponce appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a 35-year-old man with a high school diploma and one year of college education. Administrative Record ("AR") at 237. His past work experience includes employment as a custodian, retail sales associate, and personal trainer. AR at 244. Plaintiff was last gainfully employed in March 2013. AR at 236.

ORDER - 1

In August 2013, Plaintiff applied for SSI and DIB, alleging an onset date of March 7, 2013. AR at 202-17. Plaintiff asserts that he is disabled due to autism spectrum disorder, general anxiety disorder, depression, trochanter bursitis, neuropathy, back injury, leg injury, arthritis, and attention deficit hyperactivity disorder. AR at 236.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 147-50, 154-57. Plaintiff requested a hearing, which took place on December 3, 2014. AR at 42-90. On July 24, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 18-35. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On April 13, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Ponce bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On July 24, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since March 7, 2013, the alleged onset date.

3. The claimant's eating disorder, obesity, bursitis of the right hip, affective disorder, anxiety disorder and Autism Spectrum Disorder are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except: he can lift and/or carry up to 20 pounds occasionally, and 10 pounds frequently; stand or walk for approximately six hours and sit for approximately six hours per eight hour workday with normal breaks; occasionally operate foot controls; occasionally climb ramps or stairs, but never ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; and must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, and workplace hazards such as dangerous machinery or working at unprotected heights. He is able to perform simple tasks consistent with unskilled work, with superficial interaction with co-workers and the public.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

8. The claimant has not been under a disability, as defined in the Act, from March 7, 2013, through the date of the decision.

AR at 22-35.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's subjective testimony; and

2. Whether the ALJ breached her duty to develop the record regarding borderline personality disorder.

Dkt. 14.

VII. DISCUSSION

A. <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[2] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). Where an administrative record contains affirmative evidence of malingering, however, an ALJ need not provide clear and convincing reasons to discount a claimant's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

In this case, the record contains affirmative evidence of malingering. An examining psychiatrist suspected Plaintiff was malingering regarding his mental health symptoms, and an examining occupational medicine physician found no physical reason why Plaintiff was "wheelchair-bound and, as reported, mostly bedridden." AR at 446, 449-55. The Commissioner noted these findings, in arguing that the ALJ was not required to provide clear and convincing reasons to discount Plaintiff's testimony. Dkt. 18 at 2-3. Plaintiff did not file a reply brief or otherwise address this argument. The evidence of malingering contained in this record would render any claimed error in the ALJ's reasoning harmless. *See Mohammad v.*

---

[2] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016 and not applicable to the 2015 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER - 6

*Colvin*, 595 Fed. Appx. 696, 697-98 (9th Cir. Dec. 23, 2014) (finding that rule-out and provisional diagnoses of malingering constitute affirmative evidence of malingering that would support "a negative credibility finding, which would render any claimed error" in the remainder of the ALJ's credibility assessment harmless).

Even if the ALJ was required to provide reasons to discount Plaintiff's testimony, the ALJ's reasons are legally sufficient. The ALJ properly considered the extent to which the objective medical evidence was inconsistent with Plaintiff's allegations. AR at 28; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). The ALJ likewise found Plaintiff's allegations regarding mental symptoms to lack corroboration in the record, and to be inconsistently reported. AR at 29-31. These are clear and convincing reasons to discount Plaintiff's testimony.

The ALJ also discussed the extent to which the record revealed inconsistencies regarding Plaintiff's need for a wheelchair and a caregiver (AR at 29), and these inconsistencies undermine Plaintiff's allegations. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ appropriately considers inconsistencies when assessing a plaintiff's testimony).

The ALJ also noted that Plaintiff did not follow medical evidence to exercise, and instead reported that he spent most of his time playing video games. AR at 29. The ALJ did not err in considering Plaintiff's failure to comply with medical recommendations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Lastly, the ALJ detailed the ways in which Plaintiff's work history and other activities

contradict his alleged social limitations. AR at 30. The ALJ identified specific inconsistencies, and these support the ALJ's conclusion regarding the reliability of Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

The ALJ provided many clear and convincing reasons to discount Plaintiff's credibility, and the ALJ's assessment was bolstered by the affirmative evidence of malingering in the record. The ALJ's assessment of Plaintiff's testimony is affirmed.

B.  <u>The ALJ did not err in failing to develop the record.</u>

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and quoted sources omitted). That duty "exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Plaintiff argues that the ALJ erred in failing to develop the record regarding his borderline personality disorder. Dkt. 14 at 23. Plaintiff does not identify any ambiguous evidence or an inadequacy of evidence that triggered the ALJ's duty to further develop the record regarding borderline personality disorder. Plaintiff also fails to acknowledge that at step two, the ALJ indicated that she "considered all of the claimant's symptoms regardless of the diagnostic label in [her decision]." AR at 23.

Instead, Plaintiff turns to argue that "it cannot be reasonably disputed" that his anxiety and social limitations are disabling, and that the ALJ erred in finding him not disabled. Dkt. 14

at 24. This argument appears to be misplaced, because it is untethered to any contention regarding the ALJ's duty to develop the record. Furthermore, with respect to the limitations that Plaintiff argues should have been found disabling, Plaintiff provides no argument regarding the ALJ's reasons for discounting those limitations, despite Plaintiff's own acknowledgement that this Court reviews the ALJ's decision rather than re-weighing the evidence. Dkt. 14 at 25 ("As is well-known, it is not the task of a reviewing court to reweigh the evidence or reanalyze the evidence in light of Agency policy, but rather to judge the ALJ's reasons for denying benefits on their own terms."). Thus, the Court will decline Plaintiff's invitation to reweigh the evidence regarding the limitations that were not included in the ALJ's RFC assessment, in the absence of any analysis of or specific challenge to the ALJ's reasons for doing so.

## VIII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 30th day of November, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 9